**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION TO STRIKE A PORTION** |
| ) | **OF DEFENDANTS' ANSWER AND** |
| vs. ) | **ENTER DEFAULT JUDGMENT** |
| ) | **FOR FAILURE TO APPEAR AT** |
| Lewis A. Bauer, a/k/a Lewis Antone Bauer; ) | **DEPOSITION** |
| Brenda L. Bauer, a/k/a Brenda Bauer; ) | |
| Justin Bauer; Bobby J. Finnicum; Northland ) | Case No. 1:05-cv-061 |
| Coal Equipment, Inc.; Rensch Farm Store, ) | |
| Inc.; Satrom Travel & Tour; Citizens State ) | |
| Bank-Midwest; and Retterath Farm, Inc., ) | |
| ) | |
| Defendants. ) | |

Before the Court is the Government's "Motion to Strike a Portion of Defendants' Answer and Enter Default Judgment for Failure to Appear at Deposition" filed on October 28, 2005. The Court held a show cause hearing on February 2, 2006. Assistant United States Attorney Kent Rockstad appeared on behalf of the Government, and Lewis Bauer and Brenda Bauer appeared pro se.

At the hearing, Lewis Bauer testified that he had attempted to notify the Government that he and Brenda Bauer would not be appearing at the depositions scheduled for October 21, 2005. Lewis Bauer testified that he works for the Ward County Highway Department and was scheduled to work on October 21, 2005. Lewis Bauer also testified that after consulting his "legal advisor,"[1] he determined the Bauers were not prepared to attend the depositions and that the Bauers should

---

[1] Lewis Bauer identified his "legal advisor" as Von Bretz from Billings, Montana. After a diligent search, the Court was unable to locate any record that Von Bretz was a licensed lawyer in the state of Montana or any other state or federal court. It is clear that the services provided by Bretz to date constitute the practice of law. In addition, Bretz has charged the Bauer's at least $5,000 to date for legal/consultative services that are of questionabe value at best.

1

inform the Government that they would not be attending the depositions. Brenda Bauer testified that she did not attend the depositions on October 21, 2005, because she was doing what Lewis Bauer told her to do. Lewis Bauer asserted that he and his wife were not trying to unnecessarily delay the foreclosure action, but were merely trying to save their land.

The Government argued that the Bauers failed to establish a good reason for failing to attend the depositions. The Government also asserts that the Bauers have engaged in a strategy of delay and frustration in an attempt to stall the foreclosure action. The Government urged the Court to grant its motion for default judgment.

The Court finds that, although their reasons for not attending the October 21, 2005, depositions are weak, the sanction requested by the Government is not warranted at this stage of the litigation. It is clear that Lewis Bauer and Brenda Bauer have been given extremely poor advice by their "legal advisor" and because they are representing themselves, the Court will give them the benefit of the doubt. However, failure to appear at future depositions or any other dilatory actions by Lewis Bauer and Brenda Bauer may result in the imposition of sanctions.

The Court **DENIES** the Government's "Motion to Strike a Portion of Defendants' Answer and Enter Default Judgment for Failure to Appear at Deposition." (Docket No. 22).

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court